153 So. 667

## STATE v. RICHARD MURRAY & CO.
### I Div. 140.

Court of Appeals of Alabama.
March 20, 1934.

as ship broker was interstate or foreign commerce solely, they would not be liable, for the state of Alabama has no power to impose a tax of this character. Brown v. Maryland, 12 Wheat. 419, 6 L. Ed. 678. A state license tax upon a ship broker for steamship companies engaged exclusively in interstate or foreign commerce, in soliciting cargo, and arranging for its acceptance, would be violative of article 1, § 8, cl. 3, of the Constitution of the United States. Texas Transport & Terminal Co. v. City of New Orleans, 264 U. S. 150, 44 S. Ct. 242, 68 L. Ed. 611, 34 A. L. R. 907.

■ Appellant insists that this case, in the court below, presented no jury question and the court should have directed the verdict either for the state or for the defendant. If this insistence is correct, the appellant suffered no injury for our conclusion is from all the facts adduced upon the trial the court would have been justified in giving to the jury the general affirmative charge in favor of the defendant, hence appellant has no right to complain.

We are of the opinion the case was properly tried and that the court rendered a correct judgment. Said judgment is affirmed.

Affirmed.

Thos. E. Knight, Jr., Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., for the State.

George Sossaman, of Mobile, for appellee.

BRICKEN, Presiding Judge.

The state of Alabama brought this action seeking to recover from appellee $432.75, alleging the same was due for failing to pay a ship broker's license for five years. The defendant (appellee) insisted by its plea that it was engaged exclusively in interstate and foreign commerce, and that the license tax sued upon is a direct tax upon that commerce, and hence void under the Constitution of the United States. Issue was joined upon that plea, the trial resulted in a verdict, and judgment for defendant.

■ A decision here needs no extended discussion. There is no controversy it seems as to the governing propositions of law, and, as far as the writer can see, the only question involved upon the trial below was whether the defendant was, during the designated period of time, engaged in intrastate, or interstate and foreign commerce. If engaged in intrastate commerce, liability by it for the license sued for would be clearly manifest. If, as contended by defendant, its business